## MICHAELREE v. STATE OF INDIANA.

[No. 13,741. Filed October 2, 1929. Rehearing denied December 5, 1929. Transfer denied January 29, 1931.]

J. Frank Adams and Bernard C. Craig, for appellant.

James M. Ogden, Attorney-General, and Merl M. Wall, Deputy Attorney-General, for the State.

ENLOE, J.—December 1, 1928, an approved affidavit charging the appellant with having in his possession intoxicating liquor, in violation of §4 of the act of 1925 (Acts 1925 p. 144, §2717 Burns 1926) was filed in the mayor's court of the city of Brazil. To this charge, the appellant, on December 3, 1928, appeared and entered his plea of guilty.

At the time the above affidavit was filed, a similar affidavit was filed in said court against one Samuel Jones, and, on December 12, 1928, the said Jones was brought to trial in said court, and, upon said trial, the appellant testified as a witness for the State, that the liquor found in his possession had been purchased from said Jones.

After the case against Jones had been heard and disposed of, the court proceeded to pronounce sentence upon the plea of guilty as theretofore entered by appellant and, from the judgment rendered and entered, this appellant appealed to the circuit court of Clay County. In the circuit court, he filed a motion asking that he be permitted to withdraw his plea of guilty as theretofore entered in said mayor's court and that he be permitted to enter a plea of not guilty to said charge. This motion, which was duly verified, was met by a counter showing by affidavit, and the court, after considering the matter, denied leave to withdraw said plea of guilty and proceeded to impose sentence.

The contention of the appellant upon this appeal is, that, under the provisions of §2755 Burns 1926, the appellant, having testified as a witness in the case of the *State* v. *Jones*, was, therefore, immune from punishment for the offense charged against him, and that the court abused its discretion in not permitting him to withdraw his said plea, and to enter a plea of not guilty and set up in bar of his prosecution the provisions of §2755, *supra*.

Keeping in mind that the charge against this appellant was that of "unlawful possession," an individual charge

—and that the charge against Jones was also one of "unlawful possession," an individual charge—we shall consider the statute relied upon.

Said §2755 provides: "Any person called on behalf of the State to testify concerning any violation of this act, who shall give freely and truthfully any testimony tending in any way to incriminate himself, shall be immune from prosecution as to any violation of this act, growing out of or pertaining to the particular transaction concerning which he testifies." The appellant, upon his first appearance before said mayor and before he had entered any plea in his own case, speaking by his attorney informed the said mayor that the appellant would plead guilty to said charge; and counsel for this appellant also then and there informed the court that he, counsel for appellant, would have his client tell the whole truth as to how he came into possession of the liquor found in his possession. Thereafter, upon arraignment, appellant pleaded guilty to said charge against him, but sentence was not then pronounced. Later, the case of the *State of Indiana* v. *Samuel Jones* came on for hearing before said mayor, and the appellant, having been called as a witness, testified, so far as his testimony is material to this case, "that, on December 1, 1928, Samuel Jones came to appellant's place of business in Brazil and asked him if he wanted some liquor, to which he replied that he could use about a pint; that Jones then drove away and later returned and gave him a pint bottle of liquor in exchange for one dollar and twenty-five cents."

The above testimony was material as it affected Jones, but it was entirely independent of the charge against appellant. It was not so connected as to bring the appellant, as to this testimony, within the purview of said §2755, *supra*.

As set forth in appellant's brief, the appellant testified to other things, but there is no showing that such testi-

mony was given in response to anything inquired about by the prosecuting attorney, nor were these other things material to the charge against said Jones. We hold that no abuse of discretion is shown as to the action of the court of which complaint is made, and the judgment is, therefore, affirmed.